## KING *vs.* PARMER.

[TROVER FOR CONVERSION OF OX.]

1. *Nonsuit on verdict for plaintiff for less than* $50.—Section 2365 of the Code,. which requires the plaintiff to be nonsuited, on a verdict in his favor for an amount less than that of which the court has jurisdiction, unless he makes the affidavit prescribed by that section, applies only to actions *ex contractu,* and does not include an action of trover. (A. J. WALKER, C..J., *dissenting.*)

APPEAL from the Circuit Court of Lowndes..

Tried before the Hon. NAT. COOK.

THIS action was brought by William Parmer, against. John King, to recover damages for the conversion of an ox, alleged to be of the value of one hundred dollars. The jury returned a verdict for the plaintiff, and assessed his damages at thirty-nine 50-100 dollars ; and the court thereupon rendered judgment in his favor for that amount. On a subsequent day of the term, the defendant moved the court to set aside this judgment, and to dismiss the suit, because the amount recovered by the plaintiff was less than that of which the court had jurisdiction. No affidavit was submitted by the plaintiff, as required by the statute ; nor was the amount of his recovery reduced by a successful plea of set-off. The court overruled the motion, and refused to dismiss the suit ; to which ruling the defendant excepted, and which he now assigns as error.

R. M. WILLIAMSON, for the appellant.

WATTS, JUDGE. & JACKSON, *contra..*

King v. Parmer.

R. W. WALKER, J.—Section 2365 of the Code is in the following words: "If suit be brought on any moneyed demand, for a less amount than that of which the court has jurisdiction, the suit must be dismissed; or, if suit be brought for such amount, and a less sum be recovered, unless the amount is reduced below that of which the court has jurisdiction, by a set-off successfully made by the defendant, the judgment must be set aside, and the suit dismissed, unless he, or some one for him, make affidavit, which must be filed in the cause, that the amount sued for is actually due, and that a recovery for the true amount was prevented by failure of proof, the interposition of the statute of limitations, or some other sufficient cause, to be judged of by the court; and in that event, he must have judgment for the reduced sum."

The majority of the court are of opinion, that a demand which is sought to be enforced by an action of trover, is not a 'moneyed demand,' within the meaning of this section. They think, that it plainly appears from the context of which this term, 'moneyed demand,' forms a part, that as *here employed*, it embraces only those demands which arise out of contracts, express or implied, for the payment of money, and which, from their nature, enable the plaintiff to make affidavit that the *amount* sued for is *actually due*," and that "a recovery for the *true* amount was prevented by a failure of proof," &c. The section, therefore, applies only to actions *ex contractu*, and not to actions *ex delicto*.

Judgment affirmed.

A. J. WALKER, C. J.—Viewing section 2365, in connection with sections 628, 711, and 2503, I think, that the term "*moneyed demand*," as it occurs in that section, includes a demand recoverable in trover; and I therefore dissent from the opinion of the majority of the court.