# Haws *v.* Morgan.

## *Detinue.*

1. *Section* 3120 *applies only to actions for money.*—Section 3120 of the Code applies only to actions for money, and not to actions for the conversion ·or detention of personal property.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

Jackson Morgan brought an action of detinue in the Circuit Court of Montgomery against A. J. Haws, to recover "a bay horse, with the value of the use thereof during the detention from the 15th day of April, 1877." The defendant pleaded the general issue.

On the trial, the only evidence of the value of the horse was that of the plaintiff. He testified that the "horse was worth eighty dollars. The jury returned a verdict in favor of the plaintiff for the horse, and assessed his value at thirty-five dollars." On a subsequent day of the term the defendant "moved the court to set aside the verdict and dismiss the case from the docket, on the ground of want of jurisdiction on the part of the court, as shown by the verdict in the cause." The court overruled the motion, and defendant excepted.

WATTS & SONS, for appellant.—1. The question is, whether the judgment rendered is within the jurisdiction of the court. The constitution of 1875, under. which this action was brought, declares, "the Circuit Court shall have original jurisdiction in all matters, civil and criminal, within the State, not otherwise excepted in the constitution; but in civil matters only, when the matter or sum in controversy exceeds fifty dollars."—Art. VI. § 5. Section 26 of the same

[Haws v. Morgan.]

article declares justices of the peace " shall have jurisdiction in all civil cases wherein the amount in controversy does not exceed one hundred dollars." Hence, the legislature has limited their jurisdiction.—Code, § 757. It, as defined by the Code in all suits for the recovery of specific property is limited to and covers all cases " where the *value* does not exceed fifty dollars."

2. The value of the thing sued for must then be the test of jurisdiction. The value assessed by the jury, and not that claimed by the plaintiff, must be the standard. To permit the claim of the plaintiff to determine the jurisdiction, would put it in his power to abrogate the constitution and the law as to the jurisdiction of the court before which the case is tried.—42 Ala. 319 ; 29 Ala. 28; 30 Ala. 208.

3. Circuit courts have no original jurisdiction, unless the value exceeds fifty dollars, and a judgment rendered by any court beyond its jurisdiction is void.—31 Ala. 682 ; 21 Ala.. 772. The want of jurisdiction is not aided by a plea to the merits, and it is available in the Supreme Court.—2 Brick. Dig. 158, § 21; 28 Ala. 453. The statute which authorizes an affidavit to show that the verdict was less than the amount of the jurisdiction of the court, by reason of remitting, &c.,. has no reference to any case when the action is for the recovery of a specific article.—33 Ala. ——.

4. When there is no jurisdiction in the court below, this court will reverse and render.—2 Brick. Dig. p. 141, § 143, and authorities, *supra*. In this case, the judgment on its face is void for want of jurisdiction.

R. M. WILLIAMSON, for appellee.—1. The only evidence of the value of the horse was that of the defendant in error, who testified that it was worth eighty dollars. The jury returned a verdict for the plaintiff, but from some caprice beyond the ken of ordinary mortals, they, on their oaths, found that the horse was worth only thirty-five dollars. Of such a verdict the plaintiff might have complained, but on what view of law, fact or morals the defendant could complain, requires an uncommon vision to perceive.

" For optics keen, it needs, I ween,
　　To see what is not to be seen."

2. The action in this case is one *ex delicto.*—4 Ala. 669.. The motion made by the defendant is only authorized in actions on a " moneyed demand."—34 Ala. 416. The defendant complains that he has been injured by the jury in disregarding their duty in fastening upon him a liability for-

⌊Grooms v. Hannon.⌋

thirty-five dollars, instead of eighty dollars, which the evidence showed he was liable for.

BRICKELL, C. J.—The civil jurisdiction of the Circuit Court, is in the present, as in former constitutions, limited to cases, in which the amount in controversy exceeds fifty dollars. The *amount in controversy*, is the amount claimed by the plaintiff, and not the *amount of the recovery* he may obtain. The recovery may be reduced below the amount claimed without affecting the fact that the latter was really the subject of a *bona fide* claim and of controversy. To prevent the institution of suits founded on money demands, for fictitious amounts with the view of conferring jurisdiction, the statutes from an early day have clothed the circuit courts with power to nonsuit a plaintiff recovering a sum less than fifty dollars, unless he made affidavit that the sum sued for was really due, and the failure to recover it, was prevented by the failure of proof, a plea of the statute of limitations, or other sufficient cause to be judged of by the court.—Clay's Dig. 325, § 75; Code of 1876, § 3120. The statute applies to actions for moneyed demands only, and not to actions for the conversion, or for the detention of personal property. *King v. Parmer*, 34 Ala. 416. The Circuit Court did not err in overruling the motion to dismiss the suit, and its judgment is affirmed.