## WILLIAM MASON vs. EDMUND V. HAWES.

A landlord entitled by law to the possession of leased premises, has no right to enter peaceably in the temporary absence of the tenant, and afterwards hold possession by force.

A jury may not consider a plaintiff's expenses beyond his taxable costs in awarding damages, unless the case be one that involves positive culpability on the part of the defendant and makes it a proper one for exemplary damages.

[Argued March 18th—decided April 29th, 1884.]

ACTION for breaking and entering an office occupied by the plaintiff, and removing the furniture in it; brought to the Court of Common Pleas, and tried to the jury before *Hall, J.* Verdict for the plaintiff and appeal by the defendant for error in the charge of the court. The case is sufficiently stated in the opinion.

*A. S. Treat* and *H. S. Sanford*, for the appellant.

1. At common law a landlord having a right to immediate possession might enter and re-possess himself by force, and trespass would not lie. Wood's Land. & Ten., §§ 16, 17; 1 Wash. Real Prop., 537, 541; Taylor's Land. & Ten., § 531.

Our statute has changed the common law and authorizes an action of trespass, but only in cases of force and after judgment. *Bliss* v. *Bange*, 6 Conn., 78.

2. He has clearly, therefore, the right to enter and to re-possess himself peaceably; and such is the law. *Holly* v. *Brown*, 14 Conn., 270; *Larkin* v. *Avery*, 23 id., 304; *Esty* v. *Baker*, 50 Maine, 325; *Mussey* v. *Scott*, 32 Verm., 82; *Moore* v. *Mason*, 1 Allen, 406; *Mugford* v. *Richardson*, 6 id., 76; *Jackson* v. *Stansbury*, 9 Wend., 201; *Livingston* v. *Tanner*, 14 N. York, 64; 1 Smith Lead. Cas. (H. & W. ed.,) 262. The plaintiff by holding over became himself the wrongdoer.

3. The statute of summary process has not superseded the common law rights and remedies of landlords. *Bowman* v. *Foot*, 29 Conn., 331.

4. The court erred in its instructions as to the damages. *St. Peter's Church* v. *Beach*, 26 Conn., 366; *Platt* v. *Brown*, 30 id., 342; *Wilson* v. *Town of Granby*, 47 id., 75.

*D. B. Lockwood*, for the appellee.

1. The finding shows that the relation of landlord and tenant existed between the parties. When such relation exists possession of the leased premises cannot be obtained by force against the will of the tenant, but the landlord must resort to his legal remedy for that purpose. *Larkin* v. *Avery*, 23 Conn., 304; *Dickinson* v. *Goodspeed*, 8 Cush., 119; *Brock* v. *Berry*, 31 Maine, 293; *Dustin* v. *Cowdry*, 23 Verm., 631; *Noel* v. *McCrary*, 7 Cold., 623; *Reeder* v. *Purdy*, 41 Ill., 279; *Farwell* v. *Warren*, 51 id., 467; *Doty* v. *Burdick*, 83 id., 477; *Hilary* v. *Gray*, 6 Car. & P., 284; *Newton* v. *Harland*, 1 Man. & Grang., 644; Wood's Land. &. Ten., § 540. There was therefore no error in the charge of the court that the defendant was not justified in taking possession of the office and removing the goods, even if done peaceably in the absence of the plaintiff.

2. The charge upon the question of damages was correct. 3 Sutherland on Dam., 389, 471, 479; *Denison* v. *Hyde*, 6 Conn., 520; *Treat* v. *Barber*, 7 id., 275; *Merrills* v. *Tariff*

*Manf. Co.*, 10 id., 384; *Bateman* v. *Goodyear*, 12 id., 575; *Welch* v. *Durand*, 36 id., 182; *Dalton* v. *Beers*, 38 id., 529; *Raynor* v. *Nims*, 37 Mich., 59; *Singer Manf. Co.* v. *Holdfodt*, 86 Ill., 458; *Fillebrown* v. *Hoar*, 124 Mass., 585; *McAfee* v. *Crofford*, 13 How., 447; *Brewer* v. *Dew*, 11 Mees. & W., 629.

PARK, C. J.   In this action, which is one of trespass to real estate, the court charged the jury upon the question of damages as follows: "If the jury find, that with a knowledge of the impropriety of forcibly dispossessing the plaintiff, the defendant, wholly disregarding the plaintiff's rights, proceeded to forcibly remove his goods, they might not only consider the actual damage to the plaintiff's property, but also the expense incurred in seeking at law a redress of his injury."

We think the court erred in this instruction.   The true rule on the subject may be found in the case of *St. Peter's Church* v. *Beach*, 26 Conn., 355, where it is laid down as follows: "In actions of tort, founded on the misconduct or culpable negligence of the defendant, it is usual and entirely proper for the judge to say to the jury that they are not necessarily confined in assessing damages to the actual loss of property to the plaintiff, but may allow smart money, measured by the circumstances of aggravation, and may, from their general knowledge of the course of the courts, if the case warrants it in their judgment, take into account the expenses of the trial beyond the taxable costs.   In cases where smart money is allowable the amount of the verdict rests with the jury, who must exercise a wise and honest discretion; but in other cases, both of contract and tort, if there be no actual culpability, the law gives the rule of damages, and this the jury are bound to apply or a new trial will be granted.   This is right, for honest men are sometimes obliged to resort to courts to get their differences settled; and where, though the form of the declaration may indicate a legal wrong, there is really no culpability whatever in either party, smart money cannot be

allowed." See also *Platt* v. *Brown*, 30 Conn., 336; *Wilson* v. *Town of Granby*, 47 Conn., 59.

The law gives a successful plaintiff, in all cases, a partial remuneration for the expenses incurred by him in seeking at law redress of his wrongs in the taxable bill of costs, and, as the law now is, in a small sum by way of indemnity; and it is not for the jury in ordinary cases to consider these expenses in their estimate of the damages to be awarded him. But the charge makes no exception, and is clearly erroneous in this respect.

The case seems to us to be one that did not call for exemplary damages; and if so, it was improper for the jury, in fixing the damages, to consider the plaintiff's expenses beyond his taxable costs and the sum allowed as indemnity. It appears that the plaintiff was the lessee of the defendant; that he leased the premises in question by the month; that he paid the rent only to the 24th day of June; that the defendant gave him a written notice to quit possession on or before the 9th day of September; that on the 11th day of September, in the absence of the plaintiff, the defendant entered the premises, and carefully removed a few articles of furniture belonging to the plaintiff; and that soon after the plaintiff returned, re-entered the premises and removed back his property. It was not claimed upon the trial that the act of the defendant was malicious, but all the evidence tended to show that he believed he had the right peaceably to re-take possession of his property. The law of England and of many of the states of the Union would justify a re-entry of the premises under such circumstances. And whether our law does or not, we think it is clear that there was no malicious or wanton injury inflicted by the defendant upon the property of the plaintiff, but, at the worst, the defendant acted upon a mistaken belief of his legal rights. Consequently it cannot be said that justice has been done in the case, notwithstanding the error of the court.

We might stop here in our consideration of the case, but inasmuch as there must be a new trial, unless the plaintiff

remits the taxable costs and the sum allowed as indemnity, we will briefly consider a question raised upon the merits of the case; and that is, whether our law will justify the act of the defendant under the circumstances.

The defendant bases his claim in the case upon the distinction between a forcible re-taking possession of premises where a party is resisted and resistance is overcome by superior force, and a quiet, peaceable re-entry. But we fail to see a substantial distinction in the two cases, for unless a party has the right to retain possession by force and strong hand when he has once acquired it peaceably in the temporary absence of another party, the right would be valueless. It could hardly be called a right, if he must leave as peaceably as he entered, upon the return and demand of the other party. And if he has the right to retain possession by force, what becomes of the distinction? In contemplation of law the other party is in possession still, and has an equal right, to say the least, to retain that possession. A conflict would immediately ensue, in which the superior force would prevail; and what matters it whether that conflict arises in the first instance, or after one of the contestants has got into the premises by stealth, in the temporary absence of the other? A distinction based upon such ground can hardly exist. Our statute of forcible entry and detainer is against the right of a landlord to regain the possession of premises by force and strong hand when his tenant is holding over his term. Our statute of summary process, giving a landlord a speedy remedy in such cases to regain the possession, is against it. And the case of *Larkin* v. *Avery*, 23 Conn., 304, is against it. The reporter's summary of the case applicable to this question is as follows: " Where the relation of landlord and tenant exists, possession of the leased premises cannot be obtained by force against the will of the tenant, but the landlord must resort to his legal remedy for that purpose."

There is error in the judgment appealed from, and it is reversed, and a new trial ordered, unless the plaintiff remits

so much of the judgment as equals the taxable costs and the sum allowed as indemnity.

In this opinion the other judges concurred.