| 80  291 |
| 142  318 |

# Morris *v.* Robinson.

*Trespass Quare Clausum Fregit.*

1. *Non-suit; when statute authorizing not applicable to trespass quare clausum fregit.*—The statute authorizing a non-suit against the plaintiff, when his recovery is less than the minimum sum of which the court has jurisdiction (Code, § 3120), does not apply to an action of trespass *quare clausum fregit.*

2. *Costs taxed in favor of successful joint defendant.*—In a judgment in favor of one joint defendant and against another, a recital that the successful defendant " go hence and recover of the plaintiff his costs in this behalf expended," means that he recover that part of the costs which he himself had incurred.

3. *Title not necessarily in issue, in trespass quare clausum fregit.*—Possession is the great underlying fact which supports the action, though in many cases title is material, as in mitigation of damages.

4. *Oral evidence of intention in deed.*—It is error to admit oral testimony of the intention with which a deed is executed.

APPEAL from Limestone Circuit Court.

Tried before the Hon. H. C. SPEAKE.

This was an action brought by William G. Robinson against Ransom Harlow and Harrison L. Morris to recover damages for a trespass alleged to have been committed by the defendant upon the lands of plaintiff, on and after the 12th of March, 1884. The plea of defendants was "not guilty," upon which issue was joined.

The plaintiff showed that he had been in possession of the land upon which the alleged trespass was committed for twenty-five years; that in March, 1884, the defendant, Morris, with two or three other men, came on the land, which was near plaintiff's house, and informed plaintiff that he, Morris, had come to move the fence; that plaintiff notified Morris that if he moved the fence he would prosecute him; that Morris, and those with him, did move the fence about twenty yards, which cut the plaintiff off from his crib, stable, shop, and spring, besides turning out some of plaintiff's fruit trees, which latter were injured by stock. Plaintiff testified that he recovered the land in a few days in an unlawful detainer-suit before a justice of the peace. On cross-examination, plaintiff testified that no angry or offensive words or language were used by defendant, Morris, or those with him, on the occasion. Witness further testified that, in 1877, he gave McWilliams & Woodfin a mortgage on the land in controversy; that this mortgage was fore-

closed and one R. H. Harlow, became the purchaser; that witness, the plaintiff, redeemed the land with $200, borrowed from Wm. G. Robinson, Jr., and the defendant, Harlow, to whom he executed a deed to the land; that they, in turn, sold and conveyed by deed to defendant Morris, under which deed defendant claims that he entered upon the land. Plaintiff's attorney then asked him to state upon what agreement or understanding the deed from him to said Robinson & Harlow was executed. To this question defendants objected. The court allowed the question and defendants excepted. Plaintiffs answered that it was made to secure them temporarily for the loan of the $200, with which he had redeemed the land. To this answer defendants excepted; the court allowed the question, and defendants excepted.

Defendants then offered in evidence the deed executed to defendant Morris from Robinson & Harlow and the other conveyances named above. Defendant Morris testified that he thought he had a right to move the fence; that he told the plaintiff he could lay down the fence and go to his crib and stable, &c., awhile, and that plaintiff did this; that no fruit trees were injured, and that the land was restored to plaintiff in a few days. Other witnesses were examined whose testimony was merely cumulative.

The court in the general charge to the jury said: "A man can not take possession of his own property, however peaceably or quietly, if it is in the actual possession of another, without the consent, or against the will of the latter." To which charge defendants excepted. The defendants then asked the following written charges: 1. "If a man is rightfully in possession, he may use such force as is necessary to protect his possession, without himself being guilty of a breach of the peace. But, if he has, by a deed or other writing, given another the right, or color of right, to the possession, or to the property, that other person may take possession, if he can do it without using violence or force, or committing a breach of the peace." 3. "Even if this deed is void as a conveyance, it is valid as a license or permit to take peaceable, quiet possession of the land, no breach of the peace attending it." 8. "If you find that the defendants, or either of them, owned this land at the time of the alleged trespass, he or they had a right to take possession of the land without the consent, and against the will of the plaintiff, provided he or they did so peaceably and without violence or other breach of the peace, and such taking being the exercise of a right, will not constitute him or them trespassers"—which charges were severally refused, and defendants excepted to each refusal of the court to give the several charges asked. The verdict was in favor of the plaintiff against the defendant Morris, and assessed his

damages at fifty dollars; but in favor of the defendant Harlow. The judgment of the court was, that the plaintiff recover of the defendant, Morris, the aforesaid sum of fifty dollars, besides his costs; and it was "further considered by the court that the defendant Harlow go hence and recover of the plaintiff his costs in this behalf expended." The record does not contain any assignment of errors.

R. A. McClellan, for appellant, insisted: 1. That the plaintiff should be non-suited for want of jurisdiction of the Circuit Court to entertain this suit; that the 5th section of the 6th article of the constitution provides that "in civil cases" the Circuit Court "shall have jurisdiction only when the matter or sum in controversy exceeds fifty dollars," and that though there were decisions in this court that actions ex delicto are not "civil cases," the statute had but provided for an evasion of the constitution, and said decisions were unsound, and should not be followed. The sum recovered should be the criterion of jurisdiction—See 2 Ala. 24; 15 Ala. 675, and 17 Ala. 628. This is the rule laid down in 64 Ala. 236, as to "the matter" in dispute. 2. It was palpable error to admit parol evidence to vary or contradict the deed.—1 Brick. Dig. 865; 1 Gr. Ev. 275; 2 Wharton Ev. 920; 69 Ala. 522. Parol evidence was incompetent whether the deed was valid or void.—24 Ala. 347: 72 Ala. 77; 62 Ala. 427–30; 69 Ala. 442; 54 Ala. 141; 61 Ala. 25; 76 Ala. 600.

W. R. Francis, and Humes, Gordon & Sheffey, contra. 1. It has been repeatedly held by this court that in actions ex delicto, the test of jurisdiction is the amount claimed, and that section 3120 of the Code applies to moneyed demands only. King v. Parmer, 34 Ala. 416; Haws v. Morgan, 59 Ala. 508. The judgment was in strict conformity to the Code, § 3143. The deed was only collaterally in issue, and was not offered as a muniment of title; the rule invoked by the defendant therefore had no application.—67 Ala. 504. The evidence showed that the plaintiff had been in the possession of the premises for twenty-five years. If, then, it was a homestead, the acknowledgement by the wife did not conform to the requirements of the law, and the deed was therefore void.—Motes v. Carter, 73 Ala. 553. If void, no question can arise as to the admission of parol evidence to vary or contradict its terms, since the inhibition is against parol evidence to vary or contradict the terms of a valid written instrument.—1 Gr. Ev. § 275.

Upon the question of trespass, appellees cited—14 Am. Law Review, p. 13; 37 Ala. 35; 67 Ala. 101–4; 4 Porter, 494; 10 Ala. 15; 61 Ala. 9; 71 Ala. 115; 44 Vt. 442; 57 Ill. 253;

63 Ill. 389; 42 Conn. 158; 25 Ark. 436; 46 Col. 191; 74 Me. 163; 128 Mass. 552 and 49 Wis. 661. Also, 35 Am. Rep. 796.

STONE, C. J.—The present suit counts in trespass *quare clausum fregit.* The recovery was for precisely fifty dollars, and defendant moved to non-suit the plaintiff under § 3120 of the Code of 1876. That motion was rightly overruled.—*King v. Parmer,* 34 Ala. 416; *Haws v. Morgan,* 59 Ala. 508.

The suit was against Harlow and Morris, but the verdict was only against Morris—finding in favor of the defendant Harlow. It is objected to the verdict that it does not award to him his costs, under § 3143 of the Code. The judgment is that Harlow " go hence, and recover of the plaintiff his costs in this behalf expended." The meaning of this is, that he recover that part of the costs which he himself had incurred. The statute—§ 3143—declares that a defendant jointly sued with others, against whom plaintiff fails to recover, is entitled to have his *aliquot* proportion of the whole costs taxed against the plaintiff. There being but two defendants, this required that half of the whole costs should be taxed against the plaintiff.

In trespass *quare clausum fregit,* title is not necessarily in issue, although there are many cases in which it does become material. Possession is the great underlying fact which supports the action, but title is sometimes material, in defining the extent of the possession. There are other points of view in which title sometimes becomes a material inquiry.— 6 Wait. Ac. and Def. 64–5. And it may become material sometimes in mitigation of damages. One having title, or honestly believing he has title to lands, who takes possession peaceably, in the honest belief he may do so, would receive less condemnation by a jury, than if he were a willful trespasser, asserting no claim of right. Punitive damages are largely dependent on the manner, animus or motive with which the tort is committed.—1 Sedgw. Dam. * 115, n.

The testimony was permitted to take a somewhat latitudinous range on the trial of this cause. We are at a loss to perceive the pertinency of the mortgage to McWilliams & Woodfin, the sale and conveyance by them to Harlow, conveyance by Harlow and wife to S. E. Morris, and re-conveyance by her back to William G. Robinson, the original owner and mortgagor. The effect of these was to revest the title in the original owner, and it is not perceived that any material question of law or fact, growing out of these several transactions, can shed any light on the questions at issue in this cause, or the motive which influenced Morris in the alleged trespass. Imma-

[Morris v. Robinson.]

terial testimony, though not apparently hurtful, should never be allowed to go before the jury.

Robinson and wife, in 1879, conveyed the lands on which the alleged trespass was committed, to Harlow and Robinson, Jr., on a recited consideration of two hundred dollars. The deed and certificate of acknowledgement are in all respects regular to convey the title to lands other than a homestead. There was no certificate of privy examination. There was no proof that the lands were part of the homestead, nor is there proof that they were occupied in connection with the lands on which Robinson resided. There were some facts and circumstances in evidence, which possibly might have justified their submission to the jury on the inquiry of homestead *vel non*; but they are too indeterminate to authorize us to predicate as fact, that the *locus in quo* was part of the homestead. In our rulings, therefore, we can not assume as fact, that the lands alleged to have been trespassed on, were a part of Robinson's homestead. There is testimony, uncontradicted, that the deed from Robinson to Harlow and Robinson, Jr., though absolute in terms, was, by verbal agreement, intended only as a security.

More than four years after the conveyance from Robinson and wife to Harlow and Robinson, Jr., the said grantees, Harlow and Robinson, Jr., sold and conveyed the lands to H. L. Morris, the defendant in this action of trespass. There is no proof tending to show that the latter had any knowledge or notice that there were conditions, or verbal agreements of any kind, varying the absolute terms of the deed from Robinson to Harlow and Robinson, Jr. The plaintiff was permitted to prove, against the objection and exception of defendant, that the deed he made to Harlow and Robinson, Sr., was intended and understood as a temporary arrangement, and that a deed to another piece of land was to be substituted for it, whenever the numbers or correct description of the latter tract could be ascertained. The testimony was in conflict on this. In admitting this testimony the Circuit Court erred. We can not perceive how, if such agreement was made, it could become a material element in the *quantum* of damages plaintiff had sustained from the tortious act of the defendant. If Morris had sued for the lands, relying on his title for a recovery such agreement would be no defense to the action. And in cases like the present, its only tendency was to confuse the jury by presenting an immaterial contention for their inquiry.

The Circuit Court did not err in the charges given and refused.—*Turnley v. Harrison*, 67 Ala. 101; *Mason v. Hawes*, 52 Conn. 12; s. c. 52 Amer. Rep. 552.

Reversed and remanded.