# Memphis & Charleston R. R. Co. and East Tenn., Va. & Ga. R. R. Co. v. Hembree.

*Action against Railroad Company for Killing Stock.*

1. *Proof of documents beyond jurisdiction of court.*—When a document or paper is proved to be in the possession of a person who is beyond the jurisdiction of the court, secondary evidence of its contents

[Mem. & Char. R. R. Co. and East T., V. & G. R. R. Co. v. Hembree.]

may be received without giving preliminary notice to produce it.

2. *Damages against railroad company for killing cattle.*—The measure of the plaintiff's damages, in an action against a railroad company for killing cattle, is *prima facie* the value of the animal when alive; but, if the hide and carcass, one or both, was of appreciable value to him, or might have been made so by the use of reasonable diligence, this should be deducted from the value of the living animal.

3. *Dismissing suit when amount is less than minimum of jurisdiction.* When the complaint claims $60 as damages for killing an ox, and the verdict and judgment are for that sum, a motion to dismiss the suit for want of jurisdiction, on the ground that the evidence shows the value of the animal to be less than $50 (Code of 1886, § 2739), is properly overruled.

APPEAL from Jackson Circuit Court.

Tried before Hon. L. W. DAY, special judge.

This was an action brought by the appellee, A. J. Hembree against the Memphis & Charleston and the East Tenn., Va. & Ga. Railroad Companies to recover damages for the alleged killing of an ox, the property of the plaintiff. The place of the alleged killing was on the line of the Nashville, Chattanooga & St. Louis Railway Company, over which line of road the appellants ran their trains. There was some conflict in the testimony as to the time of the killing of the said ox—the complaint alleging that it was done on the 7th of February, 1883. The plaintiff claimed in his complaint the sum of sixty dollars as damages for the alleged killing, and upon a verdict of the jury to that effect, a judgment was entered up for the plaintiff giving him the full amount of his claim.

On the trial of the cause, as shown by the bill of exceptions, the plaintiff was a witness in his own behalf, and there was evidence tending to show that the ox alleged to have been killed was the property of the plaintiff; that when the said ox was killed the plaintiff was away from home, but that he returned in the evening of the day when the said ox was killed, and found that it had been killed; that the ox·had been skinned and his hide placed in a house which belonged to the plaintiff, but that the plaintiff did not order that the ox be skinned; that there was some of the flesh of the ox used as meat; and there was evidence tending to show that if the ox had been properly butchered, it would probably have been worth after being killed about twenty-five dollars; but that the plaintiff did not take of the meat so used, nor was he paid for any of it. There was evidence also produced tending to show that shortly after the ox was killed, the plaintiff made out his claim under oath for the ox killed, and presented the same to one McGaughey, who was the

[Mem. & Char. R. R. Co. and East T., V. & G. R. R. Co. v. Hembree.]

agent of the Nashville, Chattanooga & St. Louis Railway Company; and that the plaintiff regarded the ox as worth about forty or forty-five dollars. The said claim so presented to the agent of the N. C. & St. L. R'y Co. was made out on one of the blanks of that company but was made against the defendants; and the plaintiff testified that he had made out claims against the defendants in that way before, and had them paid, but this one was not. On the introduction of one White, as a witness for the defendants, he testified that he was the "law and stock agent" for the defendants, and that his duties required him to look after the claims against the defendants for the killing and alleged killing of stock by the defendants. The witness stated that he had seen the claim for the killing of the ox which had been made out and presented to McGaughey, and that it was now in the possession of the "law and stock agent" of the N. C. & St. L. R'y Co. in Nashville, Tenn.; that he tried to get the said claim from the said agent, but was unable to do so; that he had seen the said claim there, and that he knew the contents thereof; but when he undertook to testify as to the contents of the claim, to the effect that the said claim alleged the killing of the ox to have taken place on January 31st, 1883, the plaintiff objected, on the ground that the claim itself was the best evidence, and that the defendants had not laid a sufficient predicate to introduce secondary evidence of its contents. The court sustained the objection of the plaintiff, and the defendants excepted. The defendants made a motion to dismiss the suit, on the ground that on the evidence the amount in controversy at the time the suit was brought did not exceed fifty dollars, and that the court was without jurisdiction. The court overruled the motion, and the defendants excepted.

On the evidence as produced on the trial, the defendants asked the court to give the following charges:

1. "If the jury believe the evidence, they must find for the defendants."

2. "If the jury find that the plaintiff was informed of the accident on the evening of the day when it occurred, and could by reasonable diligence have used the hide or the meat for beef, and did receive the hide, then the value of the hide and of the meat that was or could have been used, should, in assessing the damages, be deducted from the value of the ox when killed."

3. "If the jury find from the evidence, that the animal

[Mem. & Char. R. R. Co. and East T., V. & G. R. R. Co. v. Hembree.]

killed was worth a certain sum and was plaintiff's property after it was killed, and that the hide was taken from said animal and was in a house belonging to plaintiff or under his control, and that the hide was worth several dollars, and could have been sold by plaintiff, if he had desired to do so, or that he could have used or disposed of said hide, or of a part of said ox as meat, then the value of the hide and of the meat, or either, must be deducted from the value of the ox when it was killed."

4. "If the jury find from the evidence, that the value of the ox alleged to have been killed did not exceed fifty dollars ($50.00), then they must find for the defendants." The court refused to give each one of these charges, and the defendants excepted severally to each refusal by the court.

The rulings of the court on the evidence, and the refusal by the court to give the charges requested by the defendants are here assigned as error.

HUMES, WALKER, SHEFFEY & GORDON, for appellants. The witness White should have been allowed to testify to the contents of the claim made by plaintiff.—80 Ala. 100; 75 Ala. 442; 74 Ala. 236; 67 Ala. 290; Ib. 461; Wharton on Ev., § 130. The 2d and 3d charges requested by defendants should have been given.—79 Ala. 298; 75 Mo. 668; 88 N. C. 560; Thompson on Neg. 539. The 4th charge requested by defendant should have been given.—Const. Ala. Art. VI, § 5; 1 Wallace, 337; 7 Otto, 564; 3 Otto, 241.

BROWN & KIRKE, contra.

SOMERVILLE. J.—1. It is an established rule, many times reiterated by this court, that if any documents or papers, which are necessary as evidence in a court in one State be in possession of a person residing in another State, or jurisdiction, secondary evidence may be admitted to prove the contents of such documents or papers, without giving any preliminary notice to produce them.—*Young v. East Ala. R'y Co.*, 80 Ala. 100; *Martin v. Brown*, 75 Ala. 442; *Gordon v. Tweedy*, 74 Ala. 236; Stephens' Dig. Law Ev. (Reynolds' Ed.), Art. 71; *Burton v. Driggs*, 20 Wall. 125.

The court, under this principle, erred in refusing to permit the defendant to prove by the witness White the contents of the written claim which the plaintiff had filed with McGaughey for the alleged killing of the ox. The paper was

[O'Brien v. Tatum.]

shown to be in the possession of a person in another State, and not to be, in any manner, subject to the control of defendant.

2. Under the rule for the measure of damages laid down by us in *Georgia Pacific R. R. Co. v. Fullerton*, 79 Ala. 298, in cases where cattle, or stock of any kind, are killed by railroad companies, the Circuit Court erred in refusing to give the second charge requested by the defendant. The third charge requested was faulty only in pretermitting any inquiry by the jury as to the question of reasonable diligence being exercised on the plaintiff's part in utilizing for his own benefit the hide and carcass of the animal killed.

3. The motion to dismiss the case for want of jurisdiction, was properly overruled, the amount claimed by the plaintiff in his complaint, and the amount recovered by the judgment each being as much as sixty dollars.—*Morris v. Robinson*, 80 Ala. 291; *Haws v. Morgan*, 59 Ala. 508; *Mills v. Long*, 58 Ala. 458; *King v. Palmer*, 34 Ala. 416; Code, 1886, § 2739; Const. 1875, Art. 6, § 5; Code, § 756.

The judgment is reversed and the caused remanded.