# Cox *v.* O'Neal.

*Bill in Equity to enjoin a Suit at Law.*

1. *Injunction; equity jurisdiction; evidence relating to lease of land.*—Where at the time of leasing a certain tract of land, the lessee is the colonel of a regiment of the Alabama National Guards, and the lease contract is made to the lessee in his own name, and thereafter an encampment of said regiment is held upon the leased premises, the proof of the fact that the lease contract was made, not for the lessee individually, but for the benefit of his said regiment, and that it was the regiment's lease, and not the lessee's, can be made, if at all, as well in a suit at law by the lessee against the lessor for a breach of contract of lease, as in a court of equity; and the necessity of making such proof as a defence to the claim of the lessee, constitutes no ground for a resort to a court of equity by the lessor for the purpose of enjoining an action at law.

APPEAL from the Chancery Court of Mobile.
Heard before the HON. THOMAS H. SMITH.
The facts in this case are sufficiently stated in the opinion.

CHARLES L. BROMBERG, JR., and MASSEY WILSON, for appellant.—Cited *Kent et al.. v. Dean,* 128 Ala. 608-9; 11 Am. & Eng. Ency. Law (2nd Ed.) 421;*Comer v. Bankhead,* 70 Ala. 493; *Blackburn v. Fitzgerald,* 130 Ala. 584; *Scottish Union, etc. v. Dangaix,* 103 Ala. 395.

MCALPINE & ROBINSON, *contra.*—Under the facts averred, it seems to us, there can be no reasonable question that the purchase of the lumber and of the rights accruing under the lease, and the taking of title in himself, made Colonel Cox a resulting trustee for the First Regiment of the Alabama National Guard. The doctrine is clearly established that where a person purchases a property right with the moneys of another and takes the legal title in himself, a trust results therefrom which may be proved by parol.—4th Mayfield's Dig. p. 1016 par. 238 and cases cited; 27 A. & E. E. L. 248; *Milner v. Standford,* 192 Ala. 277; *Milner v. Rucker,* 112 Ala. 360; *Thompson v. Hartline,* 105 Ala. 263, 268; *Fink v. Umscheid,* 2 L. R. A. 146 (note); *Green v. Green,* 46 L. R. A. 525; 27 Am. Eng. Enc. Law, p. 269 et seq; 2 Pomeroy Eq. Ju., pars. 1030-1, 1075.

HARALSON, J.—J. W. Cox, the defendant below and appellant here, was Colonel of the First Infantry, Alabama National Guards, on and prior to the 1st day of July, 1897. On that day he entered into a written contract with the complainant, William O'Neal, which recited that, "I, William O'Neal, for and in consideration of the sum of one dollar to me in hand paid, the receipt of which is hereby acknowledged, hereby lease to James Wade Cox for the term of four years, to commence on the 1st day of June, 1897, the following described real estate (describing the property.) It is understood and

[Cox v. O'Neal.]

agreed that said James Wade Cox shall have the privilege of erecting on said property such buildings as he may see fit and proper, and that he shall be allowed to remove said buildings so erected, upon the expiration of this lease. The said James Wade Cox agrees to surrender said premises at the expiration of the term in as good condition as reasonable use will allow, unavoidable casualties excepted."

It appears that Cox erected on the land mentioned in the lease, a mess hall, store room, guard house and tent floors, and the same was used afterwards as an encampment ground for the First Infantry, Alabama National Guard. It appears that O'Neal, under a claim that he set up to the materials in said erections, refused to allow Cox to remove the same, when the latter brought suit against said O'Neal in the circuit court of Baldwin county, for a breach of said contract of lease. Thereupon, O'Neal filed this bill in the chancery court of Mobile county, alleging that the contract sued upon, although made by Cox as an individual, was in fact made by him as the Colonel of the First Regiment, Alabama National Guard; that subsequent to the making of the contract, the term of office of said Cox, as such Colonel expired, and he was succeeded by Col. DuMont; that Col. DuMont and the quartermaster of the Regiment sold to him, O'Neal, for $75.00, the property above mentioned, constituting the improvements put on said land by the defendant, and prayed that defendant Cox, be enjoined from the further prosecution of his suit at law. The bill is sought to be maintained upon the allegation "that no legal defense can be made to the said suit of James Wade Cox against Orator, and that orator's only remedy is by this proceeding in this honorable chancery court."

The averment is further made, that although the contract of lease appears to have been executed by the said Cox as an individual, yet, as a matter of fact, the said Cox when he executed said agreement was not acting for himself, but was acting in behalf of the troops commanded by him, and obtained the lease of said land for the purpose of the encampment of said troops; that

said buildings were not erected with funds of the said Cox, but that the material and the erection of the same were paid for with money from the funds appropriated by the State of Alabama, for the use of the said First Infantry, Alabama National Guard.

The defendant demurred to the bill on many grounds, among them, that the bill shows that complainant has a full and adequate remedy at law; because, if the buildings mentioned in the bill, were erected in the manner stated, and were not erected by the defendant as an individual, this would be a defense at law to the suit pending in the circuit court, and because the complainant by his contract with defendant has estopped himself under the allegations of the bill, from disputing the title of defendant to said buildings, etc.

The court overruled the demurrer, and decreed, that under the evidence complainant was entitled to the relief prayed for.

The evidence tended, on the part of the complainant to show, that the improvements placed on the land were made from funds appropriated by the State for military purposes; and on the part of the defendant, that they were paid for out of funds of his own, and that what he had paid was refunded to him out of the share of the regiment in the State appropriation; that the appropriation was divided among the regiments, after the close of the encampment, *pro rata,* according to the strength of the respective commands and the State incurred no obligation for encampment grounds, and whatever preparations that were made for a place of encampment and necessary erections thereon, were made by the Colonels at their own risk, to be paid afterwards, if the *pro rata* of the annual fund for the particular regiment, was sufficient for the purpose.

But, however that may have been, the written contract of rent between complainant and defendant, was certain and unambiguous, and required the aid of no extrinsic proof to make it certain. By it complainant rented the vacant grounds mentioned, to defendant for four years from the 1st day of June, 1897, and agreed that

the defendant should have the privilege of erecting on said property such buildings as he might see proper, and should be allowed to remove said buildings so erected, upon the expiration of the lease. What the premises were rented for, is not specified in the contract, and oral testimony of the intention or purpose for which defendant rented the grounds was inadmissible, as having nothing to do with the construction of the contract. *Morris v. Robinson*, 80 Ala. 291.

The complainant in filing his bill, proceeds upon the theory, that the lease contract having been made to Cox in his own name, could not be shown, on the trial of the case at law, to have been made, not for the defendant but for the benefit of the First Regiment, and that it was the Regiment's lease and not Cox'. If it was competent for the complainant to make this proof on a bill in equity, it being a mere rule of evidence, no reason exists why it could not be made, if at all, as well in a trial at law. Such being the case, there was no use in resorting to a court of equity, on the ground that the remedy at law was inadequate.

Whether the complainant having leased the land to the defendant was estopped to deny the lease to him, and show that it was to the Regiment and for its benefit, and whether or not DuMont and his Quartermaster had any right, in the absence of a statute allowing it, to sell the property on the grounds,—even if it belonged to the regiment,—to complainant, are questions raised and discussed on this appeal. But, we need not decide these, or any other error assigned, since there can be no pretense of a right to file the bill, except on the one on which it is based,—"that no legal defense can be made to said suit (at law) of said James Wade Cox against orator, and that orator's only remedy is by this proceeding," etc.

The decree of the court below must be reversed, and one will be here rendered sustaining the demurrer to the bill, and remanding the cause.

Reversed, rendered and remanded.

[Lunsford v. Bailey & Howard.]

McClellan, C. J., Dowdell and Denson, J.J., concurring.