(88 South. 182)

## MATLOCK et al. v. JOHNSON. (6 Div. 778.)

(Court of Appeals of Alabama. Jan. 18, 1921.)

1. SHERIFFS AND CONSTABLES ☞168(1)— COMPLAINT HELD TO STATE CAUSE OF ACTION AGAINST CONSTABLE AND SURETY.

A complaint stating that plaintiff claimed of defendant, a constable, and the surety on his official bond, the sum of $1,000 on the ground that the constable or his deputies wrongfully removed property to plaintiff's damage, states a cause of action in case both against the principal and surety, and is not subject to demurrer on the ground that it stated no cause of action against the surety.

2. EVIDENCE ☞29—PLEADING ☞6 — THE COURTS WILL TAKE JUDICIAL NOTICE OF STATUTORY BOND AND THE TERMS NEED NOT BE ALLEGED.

The courts will take judicial notice of the conditions of a constable's statutory bond prescribed by Code 1907, § 1500, and in an action against constable and surety the conditions need not be pleaded.

3. APPEAL AND ERROR ☞680(2) — WHERE RECORD DID NOT DISCLOSE DEMURRER ORDER OVERRULING CANNOT BE REVIEWED.

Where the record did not disclose demurrer filed to the complaint as amended, the Appellate Court cannot review an alleged order overruling the same.

4. COURTS ☞121(10)—ACTIONS EX DELICTO NOT AFFECTED BY FAILURE TO RECOVER JURISDICTIONAL AMOUNT.

An action against a constable and the surety on his bond for wrongful removal of property was one ex delicto, and, though the recovery was but $50, motion under Code 1907, § 5355, to set aside the judgment and dismiss the suit was properly overruled.

5. APPEAL AND ERROR ☞907(3) — WITHOUT BILL OF EXCEPTIONS DENIAL OF A MOTION TO SET ASIDE JUDGMENT AND DISMISS SUIT PRESUMED PROPER.

Where the appeal is on the record, and there is no bill of exceptions, it will be presumed that the refusal of the court to set aside a judgment and dismiss the suit was based on sufficient ground.

Appeal from Circuit Court, Jefferson County; Romain Boyd, Judge.

Action by Irene Johnson against J. E. Matlock, Constable, and the American Surety Company of New York. From a judg-

─────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 668.

ment for plaintiff, defendants appeal. Affirmed.

The demurrers were that the count stated no cause of action against the surety, because it states the cause of action against only one of the defendants; because it states the cause of action against J. E. Matlock officially wrongfully joined with a cause of action against Matlock individually; because it does not appear that the American Surety Company committed any wrong or participated in any wrongful act or occupied any wrongful relation towards either of the parties that would make it responsible therefor.

Beddow & Oberdorfer, of Birmingham, for appellants.

The complaint was insufficient, and subject to the demurrers interposed. 9 C. J. 93, 94; section 5382, form 7, Code 1907. The judgment was for a money demand and less than $50. 58 Ala. 458; 105 Ala. 588, 17 South. 182; 22 R. C. L. 496; 57 South. 1013; 142 Ala. 148, 37 South. 933; 74 South. 933; 80 South. 135; section 5355, Code 1907.

W. T. Stewart, of Birmingham, for appellee.

The suit was ex delicto and sufficient to state a cause of action. 153 Ala. 398, 44 South. 1017; 146 Ala. 483, 41 South. 423. The judgment being in tort and for $50, the court properly declined to set it aside. 114 Ala. 361, 21 South. 490; 59 Ala. 508.

SAMFORD, J. This was an action by the plaintiff against a constable and the surety on his official bond for damages for the wrongful taking by the constable under color of his office of certain personal property from the possession of plaintiff.

[1] The amended count on which the cause was tried is as follows:

"Plaintiff claims of the defendant Jesse E. Matlock, a constable in and for precinct 21, in Jefferson county, as principal, and of the American Surety Company of New York, as surety, on the official bond of said Matlock as constable, the sum of $1,000 as damage, and that heretofore, to wit, on, to wit, the 15th day of October, 1917, the said Matlock or his deputies did under color of his office as such constable wrongfully take from the possession of plaintiff and carried away the following goods: [Describing them]—of the value of $1,000, and still unlawfully detains the same from the plaintiff, to her damage in the sum of $1,000 as aforesaid."

This count states a cause of action in case both against the principal and the surety and was not subject to the grounds of demurrer assigned. Deason v. Gray, 192 Ala. 611, 69 South. 15; Id., 189 Ala. 672, 66 South. 646.

[2] It is not necessary to set out the bond or any of its conditions. The statute pre-scribes these (Code 1907, § 1500), and of them we take judicial knowledge. Where this is the case, it is not necessary that the conditions be pleaded. Perryman v. City of Greenville, 51 Ala. 507.

[3] Moreover, the record does not disclose any demurrer filed to the complaint as amended, and where this is the case the appellate court cannot review the order overruling it. Central of G. Ry. Co. v. Ashley, 160 Ala. 580, 49 South. 388.

[4] The recovery in this case was for $50. The appellant moved the court to set aside the judgment and dismiss the suit, under section 5355 of the Code of 1907. The action was ex delicto, and therefore the motion was properly overruled. King v. Parmer, 34 Ala. 416; Haws v. Morgan, 59 Ala. 508; Morris v. Robinson, 80 Ala. 291; Couch et al. v. Davidson, 109 Ala. 313–320, 19 South. 507.

[5] Besides, the appeal in this case is on the record, and, as the judgment would not be void even if it were in assumpsit, in the absence of a bill of exceptions showing that the court erred in not dismissing the suit, we must assume that the court had a sufficient ground for not doing so. Black v. Ryan, 194 Ala. 667, 69 South. 633.

We find no error in the record, and the judgment is affirmed.

Affirmed.