ISADORE BERKMAN ET AL. v. STATE OF CONNECTICUT

SUPERIOR COURT      NEW LONDON COUNTY      FILE No. 18945

Memorandum filed June 25, 1951.

*Allyn L. Brown, Jr.,* of Norwich, for the Plaintiffs.

*George C. Conway,* Attorney General, and *Raymond J. Cannon,* Assistant Attorney General, of Hartford, for the Defendant.

QUINLAN, J. This action is in two counts, claiming the reasonable worth of the rent for occupancy by the defendant after the termination of a lease, in the one count, and consequent damages in the second.

On January 1, 1947, the state of Connecticut succeeded the federal government as lessee in premises owned by the plaintiffs at 320-322 Main Street, Norwich, Connecticut. At the time, the lease entered into by the state was for the unexpired portion of the federal lease, or for a period of eighteen months, at a rental of $250 a month. Although the federal lease called for an annual rental of $2144.04, when the plaintiffs received notice of cancellation effective as of December 31, 1946, they refused

to accept from the state a renewal and separate lease upon the same terms and conditions, and increased the rental to $3000, or a total annual increase of $855.96. It is in evidence that some eighteen or nineteen leases were canceled by the federal government at or about the same time, and the state had very little time in which to negotiate new leases. Consequently, on January 1, 1947, the state had to accept the demands of the plaintiffs for the balance of the term of the federal lease.

Shortly after this experience, specifically in May, 1947, the state made efforts to arrange for housing the agencies tenanted in plaintiffs' building, as well as other state agencies located in Norwich. As a result of this investigation and survey, the state entered into an agreement to occupy some 14,500 square feet in the Sellas Building, so-called, which was then under construction. This building was not completed within the time contemplated, and consequently the state continued in possession of the plaintiffs' premises after the lease expired, specifically for the period from July 1, 1948, to. January 14, 1949.

There is no question on the first count, unless the reasonable worth can be said to be in question. The highly disputed question on the trial and in the briefs is as to the second count.

The difficulty with the plaintiffs' case as to the second count is a matter of proof, as well as involving in this respect the weight to be attached to the credibility of Mr. Isadore Berkman. I cannot and do not find the defendant to be a trespasser, but merely a tenant at sufferance. *Welk* v. *Bidwell*, 136 Conn. 603.

" 'Where the relation of landlord and tenant exists, possession of the leased premises cannot be obtained by force against the will of the tenant, but the landlord must resort to his legal remedy for that purpose.' " *Mason* v. *Hawes*, 52 Conn. 12, 16.

All the stir and trouble fomented here was due to Mr. Berkman. The defendant in the face of his threats was really seeking to maintain peace and order. He was intent on browbeating the state into a lease of his making which the state because of previous commitments was unable to undertake, even had the space in the Berkman building been adequate, which it was not.

Mr. Berkman's actions concerning the rent checks sent to him by the state were belated if true. He did not cash them but I do not find that all of them were returned to the state. Neither do I find that the plaintiffs. had bona fide prospective tenants.

There was involved nothing but talk with any of them, and they were not interested in the premises, and I placed no confidence in the one involving relationship between the parties. Any damage based on any such setup would be highly conjectural.

As to the first count, the defendant tendered to the plaintiffs the same rent per month fixed by the lease for the holding over period. I find that sum per month a reasonable value for the premises and inasmuch as it was tendered and declined, no interest should accrue and judgment on that count is rendered for the plaintiff in the sum of $1625 with costs. Judgment on the second count for the defendant with costs.