ADMINISTRATOR OF THOMAS D. HAMMOND *v.* ALLEN SMITH.

To avoid a note for usury, it must be proved that an usurious agreement was made between the parties at the time when the money, for which the note was executed, was loaned.

Proof of payment of usurious interest upon the note affords only presumptive evidence that a previous usurious agreement had been made; and the court, even if they presume that an usurious agreement was made, will not proceed farther, and, from that fact, presume that that agreement was made when the money was loaned; and that testimony alone, unaccompanied by other circumstances, will not be submitted to the jury to weigh.

A presumption cannot be based upon a presumption.

EJECTMENT upon mortgage. It was conceded that the defendant was in possession of the mortgaged premises, and that he executed the notes described in the condition attached to the mortgage deed.

The defendant relied upon proving that the notes were void for usury; and, to prove this, introduced one Sunderland as a witness, who testified, that, in March, 1834, he was present and heard a conversation between the defendant and the plaintiff's intestate, Hammond, in which the defendant said, "I cannot afford to pay so much interest as I have been paying; twelve *per cent.* is more than I can afford." Hammond said the money was worth twelve *per cent.* to him, and if the defendant did not wish to pay it, he might return the money. The defendant at the same time paid to Hammond some money, the amount of which the witness could not state. In the course of the conversation the defendant urged Hammond to take a less rate of interest than the defendant had been paying,— to which Hammond declined agreeing. The mortgage, by which

the money was secured, was spoken of during the conversation; but the witness could not state which of the parties mentioned it. The notes, which were produced in evidence by the plaintiff, were payable " with interest annually," without specifying any other rate than legal interest, and there was no indorsement of any payment in 1834 made upon them.

The county court decided that this evidence showed no defence, and directed a verdict to be returned for the plaintiff; to which decision and direction the defendant excepted.

*C. Linsley* for defendant.

1. The court have no power to direct a verdict, when there is evidence tending to prove the issue. The force of that evidence belongs exclusively to the jury to weigh. The court cannot say that the evidence is insufficient, merely because they would not themselves give a verdict on it,—for that is to try the cause merely on the force and weight of evidence. *French* v. *Smith*, 4 Vt. 363. *Aylwin* v. *Ulmer*, 12 Mass. 24. *Wilkinson* v. *Scott*, 17 Ib. 258. *Fitzgerald* v. *Alexander*, 19 Wend. 402. *Gordon* v. *Tabor*, 5 Vt. 107. *Moon* v. *Hawks*, 2 Aik. 390. 1 Stark. 78. The question, then, is, whether this evidence had a tendency to prove that Smith was paying 12 *per cent.* interest on this debt, agreeably to contract. That this debt was referred to would be presumed in the absence of proof of any other; but, in addition, the mortgage debt was referred to, and, though the principal was not due, yet the interest then was.

2. The only remaining point for the jury to determine would be, whether the money was paid by force of a previous contract, or as a mere gratuity; and this, like the other, was a presumptive fact, to be determined by those plain principles of common sense and common experience, which are the only guides to a jury in such cases. Not only have courts refrained from invading this right of the jury on the trial, but, when verdicts have been found on very slight, if not frivolous, presumptions, they have held that they could not interfere. 3 Stark. Ev. 1245. Ib. 1246. In *Fussil* v. *Brookes et al.* 12 E. C. L. 145, Abbot, J., held that it was for the jury to draw their inferences from the conversation of the parties.

Adm'r of Hammond *v.* Smith.

*H. Seymour* and *H. Hale* for plaintiff.

It is well settled, that, to constitute usury to avoid the debt, the corrupt agreement must have been made at the inception of the contract. 8 Mass. 101, 256. 10 Ib. 121. 19 Johns. 294. 1 H. Bl. 462. 2 C. & P. 318. 6 Vt. 556. 7 Vt. 212. So far is the testimony of Sunderland from furnishing sufficient proof of a corrupt agreement at the time of making the note, it can scarcely be considered probable that the conversation related by him had any reference to the note in question.

The opinion of the court was delivered by

BENNETT, J. To establish the fact, that the notes were void upon the ground of usury, it must have been proved that there was a corrupt agreement to pay more than six *per cent.* interest, at the time when the loan was made. If the testimony, given on the trial, had a legal tendency to prove this, the case should have been submitted to the jury.

The evidence is not direct, that there had been, *at any time,* an agreement to pay twelve *per cent.* interest on *any debt,* which the defendant owed the plaintiff. An agreement of that kind is only to be presumed, or inferred, from the conversation testified to by the witness, who was upon the stand; and if we infer such an agreement, it is only by presumption that it related to the notes in question, as none other were shown on trial. Though the witness says the mortgage was spoken of during the conversation, yet it does not appear by which of the parties, or in what connection, or even any thing that was said about it. No notes were present. If, by *presumption,* we infer that a *usurious* agreement had been made, and that it related to the notes in question, then it must be presumed, in order to make a defence, that the agreement was made at the time the loan was made, and as a part of the *original* agreement. It is a reasonable doctrine, in relation to presumptive evidence, that one presumption cannot be based upon another. To allow of this would be highly dangerous. In 2 Burr. 1072, Lord Mansfield has said, "that there can be no presumption of the nature of evidence, in any case, without something from whence to make it, some ground to found the presumption upon." It is laid down by

30

Chitty, in his treatise upon contracts, p. 541, that mere proof that *usurious* interest had been paid upon a note reserving legal interest will not establish the fact of an original agreement for usury. Though it appears in the case cited by Mr. Chitty, *Fussil* v. *Brooks,* 12 E. C. L. 145, that such evidence was given to the jury, yet it was a case at *nisi prius,* and no question was raised as to its competency.

We think, then, that, as any usurious agreement was only established as matter of presumption from the testimony, and that, if an usurious agreement is presumed, still that it can have no relation to the notes in question, or to the time when the original loan was made, except by presumption, the court below was justified in directing a verdict for the plaintiff.

The judgment of the county court is affirmed.