THE STATE OF KANSAS V. W. C. SCHAEFFER.

No. 14,844. (86 Pac. 477.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Secondary—Examined Copy of Federal Revenue Record.* Entries in the records of the office of the United States collector of internal revenue may be proved by examined copies made by persons not having the official custody of the records.

2. INTOXICATING LIQUORS—*Maintaining a Nuisance—Evidence.* In a prosecution for maintaining a common nuisance at a particular place an application for gas to be used at that place, signed by the defendant, is admissible in evidence against him; and the fact that a word has been erased and another written over it does not render the application inadmissible.

Appeal from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed July 6, 1906. Affirmed.

*C. C. Coleman,* attorney-general, for The State.
*Hale & Maher,* for appellant.

The opinion of the court was delivered by

JOHNSTON, C. J.: W. C. Schaeffer was convicted of maintaining a common nuisance in violation of the prohibitory liquor law, and was adjudged to pay a fine of one hundred dollars and to be imprisoned in the county

jail for a term of thirty days. In his appeal he alleges error in the admission of testimony.

M. A. Waterman testified that he examined the records of the United States revenue collector, at Leavenworth, Kan., and made a correct copy of an entry on the record, which he produced and which showed that Schaeffer had paid the special tax as a retail liquor-dealer at Kansas City. The examined copy was admitted in evidence. It is argued that the original record was the best evidence, and if that could not be produced then, under sections 372 and 385 of the code (Gen. Stat. 1901, §§ 4820, 4833), a copy or exemplification, duly certified by the officers having custody of the original, should have been produced. The state contends that the rules governing the United States revenue officers, of which notice must be taken, preclude the taking of the records out of the office or the furnishing of certified copies of them; that the statutory methods of proving records are not exclusive; that the examined copy was the common-law method of proving records; that the common law is in force in aid of our statutes; and that an examined copy of entries in the collector's office is competent evidence. This contention is substantially correct. In *The State v. Pendleton,* 67 Kan. 180, 181, 72 Pac. 527, it was ruled that "entries in public records may be proved by examined copies made by persons not having their official custody." (See, also, *Cooper v. Armstrong,* 4 Kan. 30.) In the case of *The State v. Nippert, ante,* p. 371, the identical question was decided, and in determining the case Mr. Justice Graves said:

"We think this copy admissible. Neither the original nor a certified copy thereof was obtainable. Recourse to secondary evidence was therefore necessary, and under such circumstances secondary becomes the best evidence. At common law such evidence, under such circumstances, was always admissible. In fact, sworn copies were generally regarded as of equal value with copies certified to by the legal custodian of the original

document or record. The common-law rule in this respect has not been displaced by the statutes authorizing other methods of proof. These statutes are simply declaratory of the common law."

In some jurisdictions the certified copy is given a preference over a sworn or examined copy, while no preference is allowed in others. Since neither the originals nor certified copies were obtainable in this instance, it is unnecessary to consider whether there are any grounds for preference under our statutes. It is enough to determine that under the circumstances the examined copy was admissible. (*State v. Collins*, 68 N. H. 299, 44 Atl. 495; *Thurman v. The State*, 45 Tex. Cr. Rep. 569, 78 S. W. 937; *Terry v. State* [Tex.], 79 S. W. 319; *Smithers v. Lowrance*, 35 Tex. Civ. App., 79 S. W. 1088; 2 Wig. Ev. § 1273; 1 Greenl. Ev. § 91; 17 Cyc. 323.)

An application, purporting to have been signed by Schaeffer, for gas to be used on the premises at No. 34 Kansas avenue, in Kansas City, and in which it is stated that the place is occupied by him as a saloon, was received in evidence. As originally prepared it appears that the word "restaurant" was used, but it was crossed out and over it the word "saloon" was written. It is argued that the alteration, without explanation, destroyed the value of the paper as evidence. Changes or interlineations in the paper signed by the defendant may have weakened the evidence, but did not render it inadmissible. Whether the place was designated as a "restaurant" or a "saloon" is not very material. The testimony was competent, as it tended to show that Schaeffer was in charge of the particular place where the alleged nuisance was maintained.

There is testimony which fairly supports the verdict that Schaeffer was keeping the place, and that it was a common nuisance. There is nothing substantial in the claim of variance.

The judgment of the district court is affirmed.

All the Justices concurring.