(78 South. 840)

BERNHEIMER v. GRAY. (3 Div. 295.)

(Supreme Court of Alabama. Dec. 26, 1917. Rehearing Denied May 9, 1918.)

1. USURY ⬅⬤⮞111(4)—PLEADING—EQUITABLE ACTIONS.

A bill seeking the cancellation for usury of a note secured by a mortgage, alleging that on the 29th day of January, 1907, orator borrowed from a bank $2,000, for which he gave said bank his note due on the 4th day of December following for $2,160; that, before said note was due, orator arranged with B. to borrow $2,160, at the rate of 10 per cent. interest per annum to take up said note, and accordingly said B. took up said note, paying $2,160 for orator, and agreed to extend said loan for one year at 10 per cent. interest, and took from orator an interest note for $216, due in one year; that orator has ever since the said 4th of December continued to pay on said note for $2,160 to said B. while he held said note, and upon his death to his wife, his assignee or holder thereof, interest at the rate of 10 per cent. per annum, etc.—was demurrable, in that it wholly failed to show that the note and mortgage sought to be canceled were originally infected with usury, that respondent wife ever knew of any agreement to pay usury, or will ever attempt to charge usury; the note and mortgage not being usurious on their face.

2. USURY ⬅⬤⮞111(4)—BILL—SUFFICIENCY ON DEMURRER.

Allegations showing by implication only that usurious interest was paid yearly are insufficient on demurrer.

3. EQUITY ⬅⬤⮞241 — DEMURRER — BILL — CONSTRUING AGAINST PLEADER.

Complainant's bill will, on demurrer, be construed most strongly against him.

4. USURY ⬅⬤⮞111(1)—PLEADING.

Pleadings as to usury are required to be definite and specific, even when asserted as defensive matter, and a fortiori when set up in a bill praying affirmative relief against usurious contracts.

---

⬅⬤⮞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. USURY ⊜⇒111(1)—PLEADING AND PROOF.**

One who claims to have made usurious payments must set out in his plea distinctly and clearly the terms and nature of the usurious agreement, and the amount of usurious payments, and the proof must correspond with the averment.

**6. USURY ⊜⇒77—SUBSEQUENT AGREEMENT TO PAY.**

When the original transaction is not usurious, a subsequent agreement to pay an illegal interest in consideration of forbearance, etc., does not impart to the contract the taint of usury.

**7. BILLS AND NOTES ⊜⇒355 — PURCHASING NEGOTIABLE PAPER AT A DISCOUNT.**

The transfer of a negotiable paper, valid in the hands of the original holder, at a discount greater than legal interest, is not usurious, although the transferor may have indorsed it, and such discount does not deprive the transferee of the protection of a bona fide purchaser.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Bill by L. C. Gray against P. L. Bernheimer for an accounting and the cancellation of a mortgage, with offer to do equity. From a decree overruling demurrers to the bill, respondents appeal. Reversed, rendered, and remanded.

The bill is as follows:

That on the 29th day of January, 1907, orator borrowed from the First National Bank of Montgomery $2,000, for which he gave said bank his note due on the 4th of December, 1907, for $2,160, due and payable at said bank in the city of Montgomery. That before said note was due orator arranged with one L. Bernheimer to borrow $2,160, at the rate of 10 per cent. interest per annum to take up said note, and accordingly said Bernheimer on the 4th day of December, 1907, took up said note from said bank, paying it $2,160 for orator, and agreed to extend said loan for one year, at 10 per cent. interest, and accordingly held the said note for the amount of $2,160, and took from orator an interest note for $2,160, due at one year.

(2) That orator has ever since the said 4th of December, 1907, continued to pay on said note for $2,160 to said L. Bernheimer, while he held said note, and upon his death to Mrs. P. L. Bernheimer, his assignee or holder thereof, interest at the rate of 10 per cent. per annum and that crediting the payments of $216 on said note from December, 1907, and including December, 1916, there is now due on said note of the principal only the sum of $216, or less. And orator now brings into court and deposits with the register of this court the said sum of $216 for the said P. L. Bernheimer, then holder of said note, which pays said note in full.

(3) That the said loan of $2,160 in December, 1907, by said L. Bernheimer at 10 per cent. interest per annum was usurious, and orator now pleads the statute of usury against the collection of any interest on said debt, and claims the right to apply all of said payments of $216, made annually as aforesaid, from and including 1908, to and including 1916, to the principal of said debt.

(4) That the said note for $2,160 is now held and owned by Mrs. P. L. Bernheimer. who lives, as he is informed, at Dresden Place, Third street, Louisville, Ky. That orator at the time of making said note executed a mortgage to secure the payment thereof, a copy of which said mortgage is hereto attached as part of this bill as Exhibit A, with leave to refer thereto as often as may be necessary.

(5) That the said P. L. Bernheimer, holder of said note, claims that there is still due on said debt a large sum, and refuses to cancel said mortgage on the payment of said $216, the balance due on the principal of said debt, which orator brings into court as aforesaid and deposits with the register for her. The premises considered, orator prays that said P. L. Bernheimer, who resides at Dresden Place, Third street, Louisville, Ky., may be made a defendant hereto as prescribed by law, that an account may be taken between orator and said defendant on which he may be allowed all his payments on said debt, and that they be applied to the principal of said debt, and that said mortgage may be declared paid and be ordered to be canceled and returned to orator. And if any amount be due on the principal of said debt beyond the amount of $216, brought into court for the holder of said debt, orator hereby offers and submits to pay for same. And orator prays for all such other or further relief as he may be entitled to, etc.

J. Lee Holloway, of Montgomery, for appellant. W. A. Gunter, of Montgomery, for appellee.

MAYFIELD, J. [1] The bill in this case is filed by a debtor against a creditor, and seeks relief on the ground of usury. The specific relief sought is, that the evidence of indebtedness, the note or notes and the mortgage to secure the payment thereof, be declared void or paid in full, and canceled, by a court of chancery. The bill alleges the payment of all that is legally collectable, but asks that, if complainant be mistaken touching this fact, there be an ascertainment of the amount due and collectable under the usury laws of this state, with the offer to pay this amount if not already paid.

The bill presents the case of a debtor going into equity and asking affirmative relief by the court on account of an usurious contract. The bill in this case is short. The reporter will set it out in full, that the opinion may be the more easily ascertained.

The bill alleges no contract, legal or illegal, between the complainant and the respondent, but alleges only that respondent now holds and owns the note and mortgage sought to be canceled, and claims that a large sum is yet due from complainant on said note. And while it appears that respondent acquired the note and mortgage from her husband, L. Bernheimer, who is alleged to be dead, the bill fails to allege when, or how, or under what circumstances, she acquired them. The bill also alleges that L. Bernheimer acquired the note and mortgage from the First National Bank of Montgomery, the payee and mortgagee, but is very indefinite as to how he acquired it, merely alleging that by agreement with complainant, and before the demand was past due, L. Bernheimer took up said note by paying the bank the full face value therefor, and that in consideration thereof complainant agreed to pay Bernheimer 10 per cent. interest, for an extension of the loan, and, as evidence thereof, gave to Bernheimer an interest note of $216, such

amount being the interest paid by Bernheimer to the bank, at 10 per cent. for one year, and that complainant, ever since 1907, has continued to pay, on said note for $2,160, interest at the rate of 10 per cent.

The allegations of the bill are entirely too vague, indefinite, and uncertain to show that the note and mortgage sought to be canceled were originally infected with usury. While if there was no other consideration for the note and mortgage to the bank for $2,160 than the loan of $2,000 from January 29, 1907, to December 1, 1907, the contract would be usurious, yet, construing the bill against the pleader, there may have been other considerations entering into the contract, so as to prevent it from being usurious—such, for instance, as a charge for preparing the note and mortgage, the recording fee, etc. The allegations are wholly insufficient to show that the original note and mortgage were infected with usury. A copy of the mortgage is made an exhibit to the bill, and this on its face shows a perfectly valid and legal contract. The only direct and positive allegation of any agreement to charge or pay usury was that touching the note and engagement to pay 10 per cent. interest for one year only. So far as the bill informs us, that note has been paid and discharged. The note and mortgage on their face being valid, and nothing appearing to show that this respondent ever knew of any agreement to pay usury, or that she has ever attempted, or will ever attempt, to charge usury, the bill is wholly insufficient. Hence the note and mortgage given by complainant to the bank and now sought to be canceled were not usurious at their inception, but they are sought to be made so by connecting therewith the subsequent agreement between complainant and L. Bernheimer, whereby Bernheimer took up the note and mortgage upon the condition that complainant pay him 10 per cent. interest on the amount paid for the note and mortgage, coupled with the fact that complainant has ever since paid such usurious interest to the holders and owners of said note and mortgage, or (as complainant alleges) until the principal has been paid and the obligation discharged.

[2, 3] The bill is too indefinite and uncertain, however, as to the contract to pay usurious interest, except for one year, in consideration of L. Bernheimer's taking up the note and mortgage from the bank. No specific agreement to pay usurious interest even to L. Bernheimer for more than one year is alleged, though there may be said to be an attempt to show one by implication that usurious interest was paid yearly, but this is not sufficient against demurrer. It must be remembered that on their face the note and mortgage are not usurious, and that they are not sufficiently alleged to have been so, in fact or in law, when they were made, and that the attempt is to have usury ingrafted on them by the subsequent agreement between complainant and L. Bernheimer, and that, upon the evidence solely of a note for interest for one year. It is not alleged that respondent ever held that note, or that the amount of it was ever paid to her, or that she ever had any knowledge or notice thereof; and on demurrer these matters must be construed against the complainant.

[4] Pleadings as to usury are required to be definite and specific, even when asserted as defensive matter, and a fortiori, when set up in a bill praying affirmative relief against usurious contracts by a cancellation of such contracts.

"It was early declared in this state that usury is a personal defense, and can only be interposed by the borrower, his legal representative or heir at law. 'Usury is a defense personal to the party agreeing to pay it, or those who stand in his place as representatives.' Fenno v. Sayre, 3 Ala. 458. That doctrine was ever afterwards adhered to. Harbinson v. Harrell, 19 Ala. 753; Gray v. Brown, 22 Ala. 262; Cain v. Gimon, 36 Ala. 168; McGuire v. Van Pelt, 55 Ala. 344; Griel v. Lehman, 59 Ala. 419; Butts v. Broughton, 72 Ala. 294. When usury is interposed as a defense, the facts which constitute it must be specifically set forth. Speaking on this subject, and quoting from Tyler on Usury, we said: 'That the debtor "must in his answer or plea, both at law and in equity, set up the usury specifically, stating distinctly and correctly the terms of the usurious agreement, and the amount of the usurious premium." And the pleader is cautioned to make this defense, "bearing in mind always, that the courts are more rigid and technical in their practice in cases of usury than in ordinary cases of equity jurisdiction."' Munter v. Linn, 61 Ala. 492. This doctrine has been ever since followed in this court. Bradford v. Daniel, 65 Ala. 133; Security Loan Ass'n v. Lake, 69 Ala. 456; Masterson v. Grubbs, 70 Ala. 406; Burns v. Campbell, 71 Ala. 271; Kilpatrick v. Henson, 81 Ala. 464 [1 South. 188]; Welsh v. Coley, 82 Ala. 363 [2 South. 733]; Woodall v. Kelly, 85 Ala. 368 [5 South. 164, 7 Am. St. Rep. 57]." Moses v. Home B. & L. Ass'n, 100 Ala. 465, 467, 14 South. 412, 413.

[5] When one claims to have made usurious payments, the law requires that he set out in his plea distinctly and correctly the terms and the nature of the usurious agreement and the amount of payments made, which are claimed to be usurious, and the proof must correspond with the averment. Nance v. Gray, 143 Ala. 234, 38 South. 916, 5 Ann. Cas. 55.

[6] When the original transaction or contract is not usurious, a subsequent agreement to pay illegal interest in consideration of forbearance, etc., does not impart to the contract the taint of usury. Nance v. Gray, supra.

[7] A negotiable paper valid in the hands of the original holder may be bought and sued on as any other chattel at its real or supposed value, and the transfer of such instrument at a discount greater than legal interest is not usurious, although the transferor may have indorsed it, and such discount does not deprive the transferee of the protection of a bona fide purchaser. Woodall v. People's Bank, 153 Ala. 576, 45 South.

194; King v. People's Bank, 127 Ala. 266, 28 South. 658.

As there is no sufficient allegation that the first contract, evidenced by the note and mortgage sought to be canceled, was usurious in its inception, the question remains, To what extent was it made usurious by the subsequent agreement to pay usurious interest thereon? The general rule is that a contract not usurious in its inception is not made usurious by a subsequent agreement to pay more than lawful interest as for an extension of the time of payment. Van Beil v. Fordney, 79 Ala. 76; Tutwiler v. Nat. B. & L. Ass'n, 127 Ala. 103, 28 South. 654; 1 Jones on Mortg. 647; Tyler on Usury, 172; Webb on Usury, § 24.

"As respects mortgages, it is said in 1 Jones on Mortgages, § 647: 'When a mortgage is free from usury in its inception, no subsequent usurious contract in relation to it can affect the mortgage itself. It is only the subsequent contract that is affected by the usury.' In those states where the statutes declare a usurious contract void in toto, the current of authorities is that a debt, legal in its inception, will not be destroyed by a subsequent usurious agreement, although it may be thereby formally satisfied and discharged, and the security surrendered, but that on the subsequent security being annulled and avoided, the first is revived, and may be enforced on the ground that a valid, subsisting contract is not affected by a subsequent invalid agreement. Allen & Trammell v. Turnham, 83 Ala. 323, 325 [3 South. 854]; Real Estate Tr. Co. v. Keech, 69 N. Y. 248 [25 Am. Rep. 181]; Swan v. Summers, 2 Green (N. J.) [14 N. J. Law] 509; Hammond v. Smith, 17 Vt. 231; Johnson v. Johnson, 11 Mass. 359; Patterson v. Birdsall, 64 N. Y. 294 [21 Am. Rep. 609]; Tyler on Usury, 111; 3 Par. on Con. 115.'" Van Beil v. Fordney, supra, 79 Ala. 83.

It therefore follows that the bill in this case is defective in the several particulars which were pointed out by special demurrer, and is in its present condition insufficient, and that the trial court erred in overruling the demurrer thereto. A decree will be here rendered sustaining the demurrer.

Reversed and rendered, and remanded. All the Justices concur.