179 So. 233

### HARVELL v. STATE ex rel. SANFORD.
#### 7 Div. 492.

Supreme Court of Alabama.
Feb. 17, 1938.

Jas. L. Carter, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for appellee.

ANDERSON, Chief Justice.

The bill in this case was filed under section 4619 of the Code to abate a liquor nuisance. It charges:

"Said respondent, within six months last past, has maintained, or aided in maintaining, and is now maintaining, or aiding in maintaining, a liquor nuisance, as defined by section 4619 of the Code of Alabama, in that said respondent is engaged in, and has been engaged in, keeping, storing, selling, bartering, or otherwise unlawfully disposing of, prohibited liquors or beverages on certain premises in Calhoun County, Alabama."

We cannot agree to the contention of counsel for appellant that section 4619 of the Code of 1923 was repealed by section 61, page 85, Gen. Acts Extra Session 1936–37. Whether said act repeals so much of the law as makes the bare possession of prohibited liquors in dry counties unlawful, we are not called upon to decide, for conceding that it does not, such bare possession does not in and of itself amount to a nuisance as defined by section 4619. And the present bill of complaint proceeds upon the theory that the respondent was disposing of, or keeping, or storing prohibited liquor for the purpose of unlawfully disposing of same.

The evidence was ore tenus, or partly so, and, when such is the case, the conclusion of the trial court is like unto the verdict of a jury and will not be disturbed by this court unless contrary to the great weight of the evidence, and this rule, applies to cases in equity as well as law. A careful consideration of the evidence warranted a reasonable inference, as found by the trial court, that the respondent was in the possession of prohibited liquors for the purpose of unlawfully disposing of same.

The record discloses no reversible error and the decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.