28 So.2d 412

### LAMBERT et al. v. STATE ex rel HUNTER, Solicitor.

### 6 Div. 499.

Supreme Court of Alabama.

Dec. 19, 1946.

Arthur Fite, of Jasper, for appellants.

Still Hunter, of Jasper, for appellee.

FOSTER, Justice.

The question on this appeal is whether the evidence supports a finding that appellants maintained or knowingly permitted the operation of a liquor nuisance in a certain house where they had a sandwich shop, cold drink stand and dance hall on a certain described twenty acres of land on the Bankhead Highway in Walker County, Alabama.

A bill to abate such a nuisance was filed against appellants by the circuit solicitor under sections 141 et seq., Title 29, Code 1940.

The court found from the evidence that complainant was entitled to relief, and that the place of business owned by appellant, Maybelle Lambert, is a liquor nuisance, and ordered it abated; and that the part of the building used as a cafe or store and that part used as a dance hall be closed for one year: but that the two back rooms may continue to be used and occupied as living or lodging quarters or place of habitation.

The bill alleged in substance that prohibited liquors were sold or otherwise disposed of to be drunk on or near the premises described above; that on said premises or in said buildings such liquors or beverages are kept for the purpose of sale or other disposition, contrary to law; or that they (appellants) use said premises for storing liquor contrary to law; or permit persons to resort to said premises or buildings described above to drink liquor or beverages in violation of law: that this was done by appellants for themselves or through their agents, servants, or employees, thereby constituting a liquor nuisance.

The acts so designated are in substance as are declared by section 97, Title 29, Code, to constitute a liquor nuisance.

Waiving consideration of other questions, we do not think the evidence shows that a liquor nuisance existed there.

The front room is a cafe or lunch room, and behind that is the dance hall, and then the living or dwelling rooms. It is some thirty or forty feet from the paved highway in the country, with no nearby town or community. The dance hall has a rock-o-la in which guests deposit money for its music on records, used in dancing. It is the only place of recreation for miles around. The cars park off the highway in the vicinity of the dance hall. No one has ever seen liquor sold or in any way disposed of on the premises. Mrs. Lambert, who was the owner of the property and operated it until December 1945, before the bill was filed in February 1946, had enlisted the efforts of the sheriff and deputies to prevent the use of liquor there in any form, and gave them permission to search the premises at any time for liquor without a search warrant. There was some liquor drinking in and around the parked cars by persons who brought it with them. There was no drinking in the building at all. Occasionally there was some rowdyism on the outside by those who carried their liquor or drank it on the outside.

The evidence shows that she made every effort to prevent that. The neighbors, such as testified at all, stated that they went to it for recreation with members of their family, and considered it decent and respectable. The only possible claim that it was a nuisance is by virtue of that feature of section 97, Title 29, supra, which declares a place a nuisance "Where persons are permitted to resort for the purpose of drinking such liquors or beverages on or about the premises."

It was a place of resort, but there is no tendency of the evidence which shows that people resorted there for the purpose mainly of drinking, or that Mrs. Lambert, or her employees, permitted it to be used as a place of resort for such purpose. The people who went there did so principally for legitimate recreation and refreshments served in the cafe, and to dance in the dance hall. The fact that some of them who went for that purpose carried their liquor and drank it in and around their automobiles, not in the house, did not make the place a resort for drinking.

Otherwise school entertainments, even church services in the country, may be so classed if some people who attend them carry liquor and drink it there and raise disturbances. Mrs. Lambert and her employees, members of her family, are not shown in any respect to sanction or encourage drinking there, but seem to have been diligent to prevent it. Therefore they did not permit it within the meaning of section 97, Title 29, supra.

■ The term "permit" as used in a statute whose purpose is the same as that now under consideration has been said to mean, "grant, license, authorize, give leave," "which carries with it an active participation in (that) connection." Mastoras v. State, 28 Ala.App. 123, 180 So. 113, 114; certiorari denied 235 Ala. 519, 180 So. 115.

■ We do not think Mrs. Lambert should be required to surrender a legitimate business which is conducted in a clean, moral manner because some of the people who went there carried liquor without her consent, and over her protest, and drank it on the outside of her place of business.

We think there was error in abating it as a nuisance, and a decree will be here rendered denying relief and dismissing the cause.

Reversed and rendered.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.