59 So.2d 69

**STEPHENS et al. v. STATE ex rel. WARD.**

**6 Div. 388.**

Supreme Court of Alabama.

May 22, 1952.

Walter G. Woods, Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., for appellee.

FOSTER, Justice.

The bill in this case seeks the injunction of a liquor nuisance under Article 5, Chapter 3, Title 29, Code, beginning with section 141. A liquor nuisance is defined in section 97, Title 29, Code. A demurrer to the bill was overruled and defendant brought this appeal.

Appellant raised the contention by a general demurrer to the bill that the requirements of section 1095, Title 7, Code, were not complied with; and that the allegations of the bill must show its compliance to be free from attack by general demurrer. Reliance is had on the case of Brown v. State ex rel. Wright, 222 Ala. 623, 133 So. 913. But that case and that statute have reference only to the particular nuisance de-

fined in the article of the Code in which section 1095 is set up. The reason for its provisions, as expressed in the Brown case, supra, do not apply to liquor nuisances.

The only other insistence made by appellant is that the description of the property is too vague, uncertain and indefinite. The property alleged to be that on which a liquor nuisance is conducted by defendant is described in the bill of complaint as follows:

> "Upon the premises and in the building located seven miles south of the City of Tuscaloosa on U. S. Highway 82, commonly known as the University Highway, on the right side thereof, said building and premises being situate between the tracks of the Gulf, Mobile and Ohio Railroad and the aforesaid highway, Tuscaloosa County, Alabama, and being the place where said liquor nuisance and unlawful drinking place is conducted and which said premises are adjacent to a small branch or creek to the south. Petitioner avers that the said respondents now occupy the aforesaid premises and building."

Such a description in a complaint is sufficient to withstand demurrer on those grounds. Bradley v. Ballentine, 246 Ala. 271, 20 So.2d 505; Horn v. Peek, 246 Ala. 241, 20 So.2d 234; Allison v. Owens, 248 Ala. 412, 27 So.2d 785.

We think that the contentions made by appellant are not well supported, and were properly overruled by the trial court.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.