83 So.2d 70

**A. J. (Bud) THOMPSON et al.**

**v.**

**STATE ex rel. L. P. WAID, Jr., Solicitor.**

**7 Div. 239.**

Supreme Court of Alabama.

Sept. 22, 1955.

Rehearing Denied Nov. 3, 1955.

John H. Martin, Jr., and T. Eric Embry, Birmingham, for appellant.

Robt. Straub, Asst. Atty. Gen., L. P. Waid, Jr., Sol., Oneonta, and Samuel Kaufman, II, Montgomery, of counsel, for appellee.

MAYFIELD, Justice.

This is an appeal by A. J. (Bud) Thompson, et als. from a decree of the Circuit Court of St. Clair County, in equity, overruling their demurrer to a bill of complaint filed by the State of Alabama on the

relation of L. P. Waid, Jr., as Solicitor of the Thirtieth Judicial Circuit. The bill seeks to enjoin an alleged liquor nuisance under Section 141, Title 29, Code of Alabama 1940.

Section 97, Title 29, Code of 1940, defines liquor nuisances as follows:

"The following are declared to be common nuisances and may be designated as liquor nuisances: Any rooms or structures used for the unlawful manufacture, sale, furnishing, distilling, rectifying, brewing, or keeping of liquors or beverages that are prohibited by the laws of Alabama to be manufactured, sold or otherwise disposed of in this state; all houses, shops, or places where such prohibited liquors and beverages, or any of them are sold, bartered, exchanged, or otherwise disposed of to be drunk on or near the premises, or where such prohibited liquors, liquids, or beverages are kept for the purpose of sale or other disposition thereof in violation of law; all places of resort where persons are permitted to resort for the purpose of drinking such liquors or beverages on or about the premises; any unlawful drinking place that is kept or maintained in violation of the law of the state; all restaurants, hotels and public eating places where the prohibited liquors and beverages, or any of them are sold or served for beverage purposes; all places where business is carried on by a wholesale or retail dealer in liquors or by a wholesale or retail dealer in malt liquors, or by a brewer or distiller or rectifier of spirits in violation of the law of the state; all warehouses or storage places where the prohibited liquors and beverages, or any of them, are kept or stored, or received on consignment, or for distribution or delivery, contrary to the law of the state. The bill to be filed to abate such nuisances may be filed against any person, firm or corporation who maintains or aids in maintaining such nuisance, including agents, servants and employes, as well as officers of corporations."

Paragraph No. 6 of the bill of complaint provides:

"That said place of business is a liquor nuisance as defined in section 97 of Title 29 of the Code of Alabama of 1940, in that the structures are used for the unlawful sale, furnishing or keeping of liquors or beverages that are prohibited by the laws of Alabama to be manufactured, sold or otherwise disposed of in this State; that said place of business is a place where prohibited liquors and beverages are sold or otherwise disposed of to be drunk on or near the premises; that said place of business is a place of resort where persons are permitted to resort for the purpose of drinking such prohibited liquors or beverages on or about the premises; that it is an unlawful drinking place kept or maintained in violation of the laws of Alabama.

"The Complainant alleges in the alternative that said place of business is a liquor nuisance as defined in section 97 of Title 29 of the Code of Alabama of 1940 in that it is a place where prohibited liquors, liquids or beverages are kept for the purpose of sale or other disposition thereof in violation of law."

Section 145 of Title 29 provides for injunctions against owners or operators of nuisances "who may be found to have knowingly assented to the keeping or maintaining of such nuisance on the premises *at any time within six months prior to the commencement of the suit*". The appellants direct demurrer to the failure of the bill to allege in specific terms that the liquor nuisance was maintained by the respondents within the six months immediately before the commencement of this suit for injunction. While the statute clearly requires proof that the establishment was a liquor nuisance within six months preceding the filing of the petition for injunction, we are cited to no

case which holds that this express averment, is a phrase of art or a necessary allegation of the complaint. It is, of course, true that in order for the State to maintain such a proceeding, the proof must be clear and convincing that such nuisance was in existence within the last six months before the State filed its complaint seeking injunction.

 Our attention is called to several cases involving alleged liquor nuisances, where the bills of complaint, which were subjected to demurrers, are set out in the opinions of this court. The appellant particularly relies on Klein v. State, 238 Ala. 148, 189 So. 771, which spells out the allegation "within six months". In the cases of Stephens v. State ex rel. Ward, 257 Ala. 375, 59 So.2d 69, Barnett v. State ex rel. Simpson, 235 Ala. 326, 179 So. 208, and Lambert v. State ex rel. Hunter, 248 Ala. 487, 28 So.2d 412, there were no averments that the acts complained of had occurred within six months prior to the filing of the bills. The complaints in these cases withstood the test of demurrer. But in none of these cases is the specific point which we treat here decided and these cases are at best guideposts. It is our opinion, in view of the limitation placed on such proceedings by the statute, that it would have been better practice for the State to specifically have alleged that the occurrences complained of happened within six months preceding the filing of the bill of complaint. However, we further believe that the only reasonable construction of paragraph 6 of the complaint, quoted supra, is that the unlawful acts complained of were continuing to be committed at the time of the actual filing of the bill of complaint.

The appellants next insist that the allegations of paragraph 6, supra, are merely conclusions of the pleader. They urge as error the failure of the State to allege specific acts in violation of the statute, as was done in the case of Klein v. State, supra. The State in that case, in effect, alleged its evidence. This was neither proper nor required.

We find that the allegations of paragraph 6 sufficiently set out violation of the prohibitions contained in our statute, and that these allegations sufficiently charge the maintenance of a liquor nuisance within the purview of Section 97, supra. We further think that the bill of complaint substantially informs the defendant of what he is called upon to defend.

The State's bill of complaint, as a whole, stated a cause for injunctive relief, however, paragraph 7 of the bill of complaint makes the following allegation:

"7. That the Respondents A. J. (Bud) Thompson, Lena Mae Thompson, Ervin Thompson and Howard Thompson, along with their servants and employees have operated said place of business as a liquor nuisance as herein stated; that said place of business is *commonly known* all over Saint Clair County and adjoining counties in Alabama as a place where prohibited liquors and beverages are sold." [Emphasis supplied.]

 To this particular paragraph, appellants interposed demurrer specifically pointing out that such an allegation could be supported only by hearsay evidence and evidence of general reputation of the establishment sought to be enjoined. However, the decree on demurrer did not rule on demurrer directed to particular phases or aspects of the bill. Therefore, the sufficiency and appropriateness of paragraph 7 of the bill of complaint is not here under direct review.

 It is fundamental, however, that it is incumbent on the State to prove by direct, affirmative, and admissible evidence that the respondents below were maintaining a liquor nuisance as defined by the prohibitionary statute. The State cannot support its complaint by indirect evidence of the general reputation of the appellants' place of business.

For the instruction of parties below, we point out that paragraph 7 of the bill of

466

complaint should be stricken if challenged by appropriate motion to strike.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.