99 So.2d 198

**A. J. (Bud) THOMPSON et al.**

v.

**STATE of Alabama.**

7 Div. 370.

Supreme Court of Alabama.

Oct. 24, 1957.

Rehearing Denied Dec. 19, 1957.

Starnes & Holladay, Pell City, and Rob-
erts & Orme, Gadsden, for appellants.

**24**

John Patterson, Atty. Gen., and Wm. C. Younger, Asst. Atty. Gen., for appellee.

MERRILL, Justice.

On December 17, 1953, the State of Alabama, on relation of L. P. Waid, Jr., as Circuit Solicitor of the Thirtieth Judicial Circuit, filed a bill of complaint against appellants charging that the establishment known as The Ark or The Ark Annex, located at Riverside on U. S. Highway No. 78 in St. Clair County, under the management and control of appellants, was a liquor nuisance as defined in Tit. 29, § 97, Code 1940.

Appellee prayed for, and was granted, a temporary order restraining appellants from operating the establishment as a liquor nuisance.

Demurrers were filed by all the appellants and were overruled on January 25, 1954. This ruling was affirmed by this court in 1955 in Thompson v. State ex rel. Waid, 263 Ala. 463, 83 So.2d 70.

On June 11, 1956, appellee filed a petition alleging that appellants had violated the temporary injunction. After answer was filed, a hearing was held before the court on June 29, 1956. A decree was entered on March 1, 1957, holding the appellants in contempt of court for violating the preliminary writ of injunction issued on December 17, 1953, finding as a matter of fact that the use of the premises constituted a liquor nuisance as defined by the statute, making permanent the temporary injunction, and perpetually enjoining appellants from operating the business and ordering the premises padlocked, subject to certain conditions not necessary to enumerate here. Appellants filed a motion for rehearing which was denied on March 29, 1957, and an appeal was taken to this court on April 1, 1957.

■ This court takes judicial knowledge that St. Clair County is a "dry county." Cooley v. State, 262 Ala. 136, 77 So.2d 488.

The assignments of error presented in brief are argued in three groups.

■■ Assignments of error 1, 2, 3 and 5 are argued together. The first three read:

"1. That said verdict and judgment is contrary to the law.

"2. For that said verdict and judgment is contrary to the evidence.

"3. For that said verdict and judgment is contrary to the great preponderance of the law and the evidence."

We have held repeatedly that such assignments of error are not adequate. They al-

lege no error on the part of the trial court. Only adverse rulings of the trial court are subject to an assignment of error and reviewable on appeal. Mulkin v. McDonough Construction Co. of Georgia, 266 Ala. 281, 95 So.2d 921; King v. Jackson, 264 Ala. 339, 87 So.2d 623.

■ When unrelated assignments of error are argued together and one is without merit, the others will not be considered. Stewart v. Weaver, 264 Ala. 286, 87 So.2d 548; Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449; 2A Ala.Dig., Appeal & Error, ☞736. However, we feel justified in saying that we have examined the evidence and it is ample to support the decree. At least nine persons testified that they had purchased whiskey or beer on the premises in question over a long period of time, both before and after the issuance of the temporary injunction.

The assignment of error alleging that the court erred in overruling the demurrer to the bill of complaint is answered in our decision in Thompson v. State ex rel. Waid, 263 Ala. 463, 83 So.2d 70, when this cause was before us on that question. We adhere to the opinion in that case.

■ Assignments of error 6, 7, 8, 9 and 10 are argued in bulk. Number 6 reads:

"6. For that the court erred in its ruling as to the admissibility of evidence."

This is not adequate as an assignment of error. It does not state concisely in what the error consists, and is entirely too general. Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645; Jackson Lumber Co. v. Butler, 244 Ala. 348, 13 So.2d 294; Hall v. Pearce, 209 Ala. 397, 96 So. 608, Supreme Court Rule 1.

■ Assignment of error 7 charges error in admitting into evidence a letter from Homer Snead of the Internal Revenue Department, and assignment 9 the admission of a letter from George Patterson, Director

of Internal Revenue. These letters are not in the record and they have not been separately certified to this court under Supreme Court Rule 41, Code 1940, Tit. 7, Appendix. We cannot say the trial court erred in admitting them. Butler v. Hughes, 264 Ala. 532, 88 So.2d 195; Starkey v. Bryant, 257 Ala. 557, 59 So.2d 796.

Assignment of error 8 charges error in admitting a subpoena duces tecum to George Patterson. This exhibit also is not in the record and presents no reviewable question.

■ Assignment of error 10, having been argued in bulk with the four others which were without merit, need not be considered. Authorities supra. It may not be amiss to state that the admission of evidence, the basis of assignment 10, that the witness had inspected the records of the Internal Revenue Department and those records showed the issuance of a Federal retail liquor license to A. J. Thompson, proprietor of The Ark, for part of the period in question, and one to Mrs. A. J. Thompson, proprietor of The Ark, for the remainder of the period covered by this suit, was correct. A predicate was adequately laid to show that the best evidence was not available and was without the jurisdiction of the court, and when so, secondary evidence of the contents of the documents or records is admissible. Memphis & Charleston R. Co. v. Hembree, 84 Ala. 182, 4 So. 392; Hall v. State, 21 Ala.App. 476, 109 So. 847, certiorari denied 215 Ala. 148, 109 So. 849; State v. Nippert, 74 Kan. 371, 86 P. 478; State v. Schaeffer, 74 Kan. 390, 86 P. 477.

■ The evidence was ore tenus, and when such is the case, the conclusion of the trial court is like unto the verdict of a jury and will not be disturbed by this court unless contrary to the great weight of the evidence, and this rule applies to cases where alleged liquor nuisances are sought to be abated. Harvell v. State ex rel. Sanford, 235 Ala. 329, 179 So. 233. The decree of the lower court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.

On Rehearing

MERRILL, Justice.

On application for rehearing, appellants earnestly insist that the trial court was without authority to assess the fine which was imposed against them.

This argument, which is made for the first time on application for rehearing, cannot now be considered because it was not made or suggested until our judgment was rendered. Rudolph v. Rudolph, 251 Ala. 317, 36 So.2d 902; Goodgame v. Dawson, 242 Ala. 499, 7 So.2d 77.

Application overruled.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.