EMBRY, Justice.
David Johnson appeals from a summary judgment dismissing his action against I.B. E.W. Local 558 Properties, Inc., and I.B. E.W. Local 558. We affirm.
On 6 June 1980 an automobile being operated by Johnson collided with one being operated by Eugene Quillen in the City of Muscle Shoals, Alabama. At that time, Quillen was returning home after voting in an I.B.E.W. Local 558 election at the local union hall. Several hundred of the members participated in the election and many of them, including Quillen, stayed after the balloting closed in order to learn the results of the election.
According to Quillen’s deposition, he brought four cans of beer with him from his home to the union hall and consumed them while on union property. No alcoholic beverages were furnished at the union hall and Quillen stated that he did not observe anyone else drinking alcoholic beverages while he was there.
Affidavits of several other members of the local union, and its officers, show that no one noticed Quillen or anyone else drinking alcoholic beverages on union property. Nor did anyone notice whether Quillen appeared intoxicated during the balloting and the tabulation of those ballots. Those affidavits also show that the union bylaws prohibit possession or consumption of alcoholic beverages on union property. However, an affidavit of one Dr. Gamble stated that he drove by the union hall that date and observed many people drinking beer outside the hall.
Johnson filed his action against Quillen seeking damages for the negligent operation of the automobile. Subsequently, he amended his complaint to include, as defendants, I.B.E.W. Local 558 Properties, Inc., and I.B.E.W. Local 558, a corporation, *886 and such persons acting as directors and officers or those seeking election to become directors or officers of the union. The amended complaint was based upon two theories. First, that both the I.B.E.W. Local and its properties corporation allowed alcoholic beverages to be distributed or consumed on their premises and in doing so caused Quillen to become intoxicated which subsequently caused him to operate his automobile to collide with that of Johnson, resulting in injuries to the latter. Second, that the I.B.E.W. Local and its properties corporation violated provisions of the Code of Alabama and local ordinances by allowing alcoholic beverages to be consumed on their premises.
Johnson and Quillen made a pro tanto settlement in connection with which the claim against Quillen was dismissed with prejudice.
The union entities filed a motion for summary judgment on the grounds that no genuine issue as to any material facts existed and they were, therefore, entitled to judgment as a matter of law. The motion was submitted upon Quillen’s deposition and the affidavits, together with the “files and records in this proceeding.” The trial court entered judgment on the motion in favor of the union entities. Johnson then perfected this appeal.
Although not even suggested in his complaint, Johnson’s claims are obviously based upon negligence for the violation of §§ 28-4-70 and 28-4-90, Code 1975 (misdemeanors), pertaining to alcoholic beverages and unlawful drinking places.
It is undisputed that Quillen consumed alcoholic beverages while on union property. However, there was no evidence to support Johnson’s contention that the union entities in anywise furnished, sold, or encouraged the consumption of any alcoholic or intoxicating beverages on their property.
In Fox v. Bartholf, 374 So.2d 294 (Ala. 1979), this court established four basic requirements supporting a cause of action based upon statutory violation. Those are:
“(1) The trial judge must determine as a matter of law that the statute was enacted to protect a class of persons which includes the litigant seeking to assert the statute....
“(2) The trial judge must find the injury was of a type contemplated by the statute....
“(3) The party charged with negligent conduct must have violated the statute ....
“(4) The jury must find the statutory violation proximately caused the injury-”
There was no evidence that union entities violated § 28-4-70 or § 28-4-90, Code 1975. Therefore, the third requirement stated in Fox, supra, is not met. True, the evidence shows that Quillen consumed alcoholic beverages on union premises and was, therefore, in violation of laws prohibiting possession of those beverages in “dry” counties. There was no evidence submitted to prove that the union entities, its members, or officers, furnished alcoholic beverages or approved of the consumption of them by Quillen. Additionally, there was no proof showing that Quillen or other union members were on union premises for the purpose of consuming alcoholic beverages. The primary reason Quillen and other members were at the union hall was for the purpose of voting in the election being held there.
The 1975 Code defines unlawful drinking places in § 28-4-1(9) as follows:
“a. Any place or resort where the prohibited liquors or beverages or any of them are kept to be drunk upon or about the premises by persons resorting there for that purpose;
“b. Any club room or other place in which are received or kept for the purpose of barter or sale or use or gift as a beverage or for distribution or division among or furnishing to or for use by members of any club or association of persons by any means whatsoever the prohibited liquors and beverages or any of them, referred to in subdivision (6) of this section; and
“e. Any club room or room of any association of persons in which said pro *887 hibited liquors or beverages or any of them are kept or stored for the purpose of being drunk or consumed by the members of such club or other association of persons or their guests or others on the premises or at or near the place where such liquors or beverages or any of them, are kept or stored; and any place adjacent to or near the premises of any club, corporation or association or other combination of persons to which members or their guests or others, by the permission of members, resort for the purpose of drinking the prohibited liquors and beverages, or any of them that are kept at or near such place.”
By that definition the union hall premises is not an unlawful drinking place. See Lambert v. State ex rel. Hunter, 248 Ala. 487, 28 So.2d 412 (1946). Therefore, the union entities cannot be held in violation of § 28-4-70 or § 28-4-90, Code 1975.
Because there was neither a question of material fact to be resolved by the jury nor evidence that the union entities violated the first mentioned statutes, they were entitled to judgment as a matter of law. The trial court properly granted the motion for summary judgment and entered judgment accordingly. That judgment is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and ADAMS, JJ., concur.